Nash, J.
 

 We cannot perceive, with what propriety his Honor could have given any other judgment. In fact and in truth the cause was out of court,, both as it respected Keith, the defendant in the action, and Sorrell, the garnishee. The judgment against Keith, obtained in the Superior Court at the September Term, 1842, was an entire nullity. He was not in court, either by his person or his property. The record shows, that he was not an inhabitant of this State, and no pros
 
 *376
 
 erty of his had been attached, to answer as a foundation for any proceedings against him. The judgment against him, then, was not merely voidable, but was absolutely void.—
 
 Armstrong and another
 
 v. Harshaw, 1 Dev. 189. If it were not so, the first principles of justice would be violated. An individual might be stript of his property, without being heard or having an opportunity to be heard, or driven to expensive litigation to maintain his rights. In this case, Keith was not and never had been in court. The attachment is only intended to compel an appearance.
 
 Hightower
 
 v. Murray, 1 Hay. 21. At the time this singular judgment was obtained against Keith, the court gave judgment in favor of Joseph M. Rice, as the administrator of John A. Sorrell, that he, Sorrell, at the time he was summoned as a garnishee, and when he made his garnishment, was not indebted to James Keith, and had not in his hands any property or effects of said Keith, liable to the attachment. The cause would then have been entirely out of court, but for an order made simultaneously, that notice should issue to Joseph M. Rice to answer as garnishee, as to his indebtedness to Keith. A notice was issued to him, and he was summoned in his character as administrator of Sorrelh to make his garnishment. He answered, that, among the papers of his intestate, he found a note originally given or made by one Gillespie, to a man of the name of Griffiths, for a certain sum of money to be discharged
 
 in trade,
 
 in other words to be discharged in
 
 specific articles,
 
 which note had been assigned to Keith, and by him to Sorrell. As administrator of Sorrell, Rice was not bound to answer as a garnishee. He had already in this case had a judgment pronounced in his favor, that his testator neither owed Keith any thing, nor had he any property or effects of Keith in his hands, and this judgment was pronounced in relation to this identical Gillespie note, and was at that time, and still is, in full force and unreversed. There is, however, another objection to the proceedings in this case, so far as Rice, the garnishee, is concerned, or as he is concerned in his representative capacity. It is not pretended that either Sorrell or Rice had any thing in
 
 *377
 
 their hands as the property of Keith, except the Gillespie note. That note was not an assignable instrument, not being for" money absolutely, but for so much money to be discharged in trade. Was it the subject of attachment? We think it was not. The case of
 
 Hugg and Bell against Booth, 2
 
 Ired. 282, contains a full statement of the doctrine on this subject. By the act of 1777, no provision is made for the case, where the garnishee is indebted for specific articles. This omission is supplied by the act of 1793. This act provides — .
 
 “
 
 When a garnishee shall declare that the money or specific articles, due by
 
 him,
 
 will become payable or deliverable by
 
 him
 
 at a future day, &c.” The act leaves us in no doubt, as to the nature of the obligation for the delivery of the specific articles, embraced and meant by it. It is confined to the obligation or assumpsit of the garnishee
 
 himself
 
 to the defendant in the attachment, either to pay a particular sum of money in specific articles, or absolutely to deliver a certain quautity of specific articles, as a horse or cow, or a hundred bushels of corn. In either case, debt would lie at the common law, if the obligation was not complied with. And in no case, where the claim of the defendant in the action against the garnishee rests in unliquidated damages, can the demand be attached. This principle is fully established by the case last cited. The instrument, upon which this question arises, was not given by either Sorrell or Rice to Keith, but was given by Gillespie, and came by assignment to Keith, and by him to Sorrell. It is not therefore such an obligation for the delivery of specific articles, as comes within the attachment law. Neither Keith nor Sorrell had any title in law to it, and neither could maintain any action on it in his own name. When Rice received the money on it, he received it not for the use of Keith, but as administrator upon the estate of Sorrell, for the use of his estate, or for the use of Griffiths. But the estate of Sorrell was already discharged, by a judgment of that court, and in the same case, from all liability to the plaintiff on account of Keith.
 
 Qua-cunque via data,
 
 therefore, the judge who tried the cause, was guilty of no error in -setting aside the verdict of
 
 *378
 
 the Jury, and giving judgment for Rice, which put the whole cause out of court.
 

 PeR Curiam, Judgment affirmed.